ROBERT J. MCGEE, JR. an individual, II IN ONE
CONTRACTORS, INC., an Illinois Corporation, II
IN ONE REBAR, INC., an Illinois Corporation,
W.E. O'NEIL CONSTRUCTION CO., and TRICE
CONSTRUCTION COMPANY,

       Plaintiffs,

   v.

THORNTON TOMASETTI, INC., a New York
Corporation, and SCOTT A. SCHNEIDER, an
individual,

       Defendants.

Case No. 1:25-cv-600

Hon. Judge Jeffrey Cummings

## DEFENDANTS' 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Thornton Tomasetti, Inc. ("Thornton Tomasetti"), a New York Corporation, and Scott A. Schneider, an individual ("Schneider")(together, the "Defendants"), by and through their undersigned counsel, request that this Court dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state any viable claim. In support of its motion, Defendants have submitted a contemporaneously filed brief ("Brief") and state as follows:

1.  As was true of its original complaint, every Count of Plaintiffs' Amended Complaint – accusing Defendants of racial bias, libel, and tortious interference – is fatally flawed and must be dismissed. Count I of Plaintiffs' Complaint is premised on the contention that Defendants were motivated by racial animus in purportedly "interfering" with a contract that Plaintiffs had relating to the construction of the Barack Obama Presidential Center and thus violated 42 U.S.C. § 1981 ("Section 1981"). But the Complaint fails to set forth any facts in support of that unjust accusation. Instead, the Complaint relies merely on conclusory allegations that not

only lack any factual basis, but, as is explained in the Brief, also conflict with Plaintiffs' own single exhibit—a fact that Plaintiffs attempt to obscure by deleting a prior allegation that called attention to this fact.

2. Moreover, as is explained in the Brief, Plaintiffs' fact-devoid allegations of racism are also undermined by language of the Complaint which is couched in negligence. Claims under Section 1981 must be supported by factual allegations that could establish purposeful acts of racial discrimination. The Complaint contains none, and Count I must be dismissed.

3. Plaintiffs' other claims are equally deficient. The claim for libel per se (Count II) is premised only on statements of opinion, which are not actionable as defamation.

4. Finally, the claims for tortious interference with contract (Count III), and tortious interference with business relationships (Count IV) fail because Plaintiffs fail to allege essential elements of those causes of action.

WHEREFORE, for the reasons set forth above and in the Brief, this Court should dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: April 21, 2025

Respectfully submitted,

**THORNTON TOMASETTI, INC.,
a New York Corporation, and SCOTT A.
SCHNEIDER, an individual**

By: _ /s/ Josh M. Leavitt_
    One of Their Attorneys

Josh M. Leavitt (#6191417)
Laura A. Elkayam (#6303237)
Patrick B. Barnett (#6326570)
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2000
jleavitt@muchlaw.com
lelkayam@muchlaw.com
pbarnett@muchlaw.com
**Local Counsel for Defendants,
Thornton Tomasetti, Inc., and Scott A. Schneider**