**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT J. MCGEE, JR., an individual, II IN ONE CONTRACTORS, INC., an Illinois Corporation, II IN ONE REBAR, INC., an Illinois Corporation, W.E. O'NEIL CONSTRUCTION CO., and TRICE CONSTRUCTION COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> THORNTON TOMASETTI, INC., a New York Corporation, and SCOTT A. SCHNEIDER, an individual, <br><br> Defendants. | Case No. 1:25-cv-600 <br><br> Hon. Judge Jeffrey Cummings |

**SUPPLEMENTAL JOINT STATUS REPORT**

Plaintiffs, Robert J. McGee Jr. ("McGee"), II In One Contractors, Inc. ("II In One"), II in One Rebar, Inc. ("II In One Rebar") and Concrete Collective ("CCJV"), a Joint Venture between II In One Contractors, Inc., W.E. O'Neil Construction Co. ("O'Neil"), and Trice Construction Company ("Trice") (said parties hereinafter collectively referred to as the "Plaintiffs"), and Defendants, Thornton Tomasetti, Inc. ("Thornton Tomasetti") and Scott A. Schneider ("Schneider") (latter two parties hereinafter collectively referred to as the "Defendants," with Plaintiffs and Defendants collectively referenced as the "Parties"), by and through their respective counsel, hereby file this Supplemental Joint Status Report, stating as follows:

**I.     The Nature of the Case**

**A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

| **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|
| Kathleen O. Barnes | Josh M. Leavitt (lead trial attorney) |
| John E. Sebastian (lead trial attorney) | Laura Elkayam |
| Frank J. Marsico | Patrick B. Barnett |
| Watt, Tieder, Hoffar & Fitzgerald, L.L.P. | Much Shelist, P.C. |
| 10 S. Wacker Drive, Suite 1100 | 191 N. Wacker Drive, Suite 1800 |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |
| (312) 219-6900 | (312) 521-2000 |
| (213) 559-7411 | jleavitt@muchlaw.com |
| jsebastian@watttieder.com | lelkayam@muchlaw.com |
| kbarnes@watttieder.com | pbarnett@muchlaw.com |
| fmarsico@watttieder.com | |

**B.** **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

**Plaintiffs' Position**: Plaintiffs' pending Amended Complaint (ECF #27) asserts five counts against Defendants, as follows: Race Discrimination in Violation of 42 U.S.C. §1981 (Count I), Libel *Per Se* (Count II), Libel *Per Quod* (Count III – in the alternative to Count II), Tortious Interference with Contract (Count IV), and Tortious Interference with Business Relationships (Count V). Plaintiffs allege that Defendants improperly discriminated against Plaintiffs, defamed Plaintiffs and otherwise tortiously interfered with Plaintiffs' contractual and business relationships and expectations as a subcontractor on the Obama Presidential Center in Hyde Park, Chicago, IL. CCJV includes its single majority joint venture partner (W.E. O'Neil) and its remaining, minority contractors (II In One, II In One Rebar, and Trice) engaged in the construction of the Obama Presidential Center. Defendants are the Structural Engineer (Thornton Tomasetti) engaged by the Owner (The Barack Obama Foundation, hereinafter the "Obama Foundation") and one of the Engineer's employees (Schneider), who was a Principal on the Project.

Plaintiffs allege that the defendants improperly interpreted the specifications governing the concrete work and unfairly over-inspected the work performed by the minority contractors without valid cause. Plaintiffs allege further that Defendants prepared and disseminated a memorandum (referred to as the "Defamatory Memorandum" attached as **Exhibit A** to Plaintiffs' Amended Complaint), in which the minority contractors were singled out in false statements, made with racial animus, regarding their experience, qualifications and performance. As a result of Defendants' improper performance of its Contract and dissemination of false and racially motivated statements to the various parties involved in the construction of the Obama Presidential Center, the Obama Foundation improperly refused to approve and pay proper amounts due to the Plaintiffs in accordance with their subcontract. In addition to the loss of performance costs due and owing under its subcontracts, Plaintiffs allege further that they have suffered financial and reputational harm as a direct result of the false and defamatory statements and discriminatory actions by Defendants.

2

**Defendants' Position**: Defendants strongly dispute Plaintiffs' allegations and deny any wrongful conduct. As a threshold matter, the case is not yet at issue. Following Defendants' initial motion to dismiss, Plaintiffs voluntarily withdrew their original Complaint and filed an Amended Complaint. However, the Amended Complaint failed to remedy the fundamental deficiencies previously identified, prompting Defendants to file a renewed Motion to Dismiss pursuant to FRCP 12(b)(6) on April 21, 2025 (ECF #29-30), which seeks dismissal of all five counts. Defendants assert that Count I of the Complaint fails to set forth sufficient facts in support of the unjust accusations. Instead, the Complaint relies merely on conclusory allegations that not only lack sufficient factual basis, but also conflict with Plaintiffs' own single exhibit. Moreover, as is explained in the Brief, Plaintiffs' fact-devoid allegations of racism are undermined by the Amended Complaint itself, which describes motivations for Plaintiffs' actions that are entirely unconnected to any racial bias.

Defendants assert that Plaintiffs' other claims are equally deficient. The claims for libel per se and libel per quod (Counts II and III) are premised only on statements of opinion, which are not actionable as defamation, and the claims for tortious interference with contract (Count IV), and tortious interference with business relationships (Count V) fail because Plaintiffs fail to allege essential elements of those causes of action. Further, Defendants maintain that their actions were taken in the ordinary course of professional engineering and quality control responsibilities. To that end, Defendants deny the Plaintiffs' characterization that the alleged memorandum was "disseminated" by Defendants; Instead, at the request of Defendants' client, the Obama Foundation, the alleged memorandum was provided solely to the Obama Foundation. Defendants contend that any assessments or recommendations made in connection with the project were based on objective engineering and contractual standards, without discriminatory intent or defamatory purpose.

  **C.**  **Briefly identify the major legal and factual issues in the case.**

**Plaintiffs' Position**: The material factual and legal issues that the parties anticipate asking the trier of fact to resolve at trial include, but are not necessarily limited to, the following: 1) whether Defendants discriminated against Plaintiffs on the basis of race because, but-for Plaintiffs race, Defendants would not have advised the Obama Foundation in the manner they did or made similar statements regarding Plaintiffs' qualifications and ability to adequately complete the work at issue in accordance with contractual specifications and other requirements, and that there is direct evidence of Defendants' racial animus; 2) whether the statements contained in the Defamatory Memorandum that denigrated Plaintiffs' qualifications and their ability to adequately perform the work on the project constituted libelous or defamatory statements; 3) whether Defendants' performance and defamatory statements tortiously interfered with Plaintiffs' contracts related to the Project; 4) whether Defendants tortiously interfered with Plaintiffs' business relationships and expectations both on the Project and for other projects; 5) whether the work on the Project did or did not comply with relevant contractual requirements, specifications, etc.; and 6) the extent of the resulting damages claimed by Plaintiffs.

**Defendants' Position**: Based at least on their operative complaint, the material factual and legal issues appear to include, but are not limited to: (1) whether Defendants engaged in intentional unlawful discrimination; (2) whether the statements at issue are actionable as defamatory or

3

constitute protected opinions and assessments; (3) whether Defendants' actions can be deemed tortious interference or; and (4) whether Plaintiffs have suffered the claimed damages and, if so, whether such damages are attributable to Defendants.

### D. State the relief sought by any of the parties.

In their Complaint, Plaintiffs pray for the following relief: entry of a judgment in favor of Plaintiffs; awarding Plaintiffs no less than $40,753,475.00 in actual damages to redress the harms suffered as a result of Defendants actions as set forth in Plaintiffs' Complaint, including Counts I-V inclusive thereof, and also including, but not limited to, reputational harm and lost income; awarding appropriate punitive damages, and Plaintiffs' reasonable attorneys fees and costs. Plaintiffs have demanded a jury trial.

Defendants deny liability and seek dismissal of Plaintiffs' claims, pursuant to FRCP 12(b)(6). Defendants have not yet determined whether they will seek relief beyond dismissal.

## II. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

### A. Identify all federal statutes on which federal question jurisdiction is based.

Count I of Plaintiffs' Complaint asserts a cause of action for racial discrimination under 42 U.S.C. §1981, which invokes federal question jurisdiction under 28 U.S.C. §1331, and supplemental jurisdiction over the remaining Counts of Plaintiff's Complaint under 28 U.S.C. §1367.

### B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

**1. State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and if so, the basis of that dispute).**

Plaintiffs allege that they have sustained actual damages in an amount of no less than $40,753,475.00. There is no dispute regarding the amount in controversy as exceeding the amount of $75,000.00.

**2. Identify the citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

- Plaintiff Robert J. McGee Jr. is a citizen of the state of Illinois.

- Plaintiff II In One Contractors, Inc. is an Illinois Corporation with its principal place of business located at 4344 West 45th Street, Chicago, IL 60632.

- Plaintiff II In One Rebar, Inc. is an Illinois Corporation with its principal place of business located at 4344 West 45th Street, Chicago, IL 60632.

- Plaintiff Concrete Collective is a Joint Venture between: (1) II In One Contractors, Inc.; (2) W.E. O'Neil Construction Co., an Illinois Corporation with its principal place of business located at 1245 W. Washington Blvd., Chicago, IL 60607; and (3) Trice Construction Company, an Illinois Corporation with its principal place of business located at 438 W. 43rd Street, Chicago, IL 60609. Concrete Collective's principal place of business is located at 1245 W. Washington Blvd., Chicago, IL 60607.

- Defendant Thornton Tomasetti is a New York Corporation with its principal place of business located at 120 Broadway, New York, NY 10271-0016.

- Defendant Scott A. Schneider is a citizen of the State of New York.

**III.** **Status of Service: Identify any defendants that have not been served. If plaintiff has failed to complete service of process on all defendants, then counsel must describe the efforts to perfect service to date, and provide an estimate for completion of service consistent with Federal Rule of Civil Procedure 4.**

Plaintiffs have completed service of process on both Defendants in this matter.

**IV.** **Motions**

**a. Briefly describe any pending motions**: Defendants filed their above-referenced 12(b)(6) Motion to Dismiss for Failure to State a Claim on April 21, 2025, seeking dismissal of all five counts of Plaintiffs' Amended Complaint. (ECF #29-30). On April 25, 2025, this Court entered its Minute Entry (ECF #31) whereby Plaintiffs are to respond to the Motion to Dismiss the Amended Complaint on or before May 14, 2025, Defendants are to file their Reply in support of said Motion by May 28, 2025, and the May 7, 2025 date by which a Supplemental Joint Status Report is to be filed shall stand. Plaintiffs will file a Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint on or before May 14, 2025.

**b. Response to Complaint**: Defendants responded to Plaintiffs' Amended Complaint by filing the above-referenced Motion to Dismiss on April 21, 2025.

**V.** **Case Plan:**

    A. **Submit a proposal for a discovery plan, including the following information:**

        1. **The general type of discovery needed;**

**Plaintiffs' Position:** Plaintiffs anticipate the need to conduct written discovery (interrogatories, production request, possibly requests for admissions) various fact witness depositions (ultimately depending upon the scope and content of the parties' discovery responses/productions, the allegations and causes of action in Plaintiff's Amended Complaint, and

5

the nature/extent of the defenses/affirmative defenses to be raised by Defendants).

Once fact discovery is complete, Plaintiffs anticipate expert discovery will commence to address issues of liability, causation, and damages underlying Plaintiffs' allegations and causes of action, and defendants' defenses/affirmative defenses.

**Defendants' Position:** Defendants' position is that while Defendants would certainly need full discovery regarding the bases for Plaintiffs' allegations, no reasonable determinations regarding additional necessary discovery can be made until after the Court has ruled upon their above-referenced Motion to Dismiss the Amended Complaint. The Motion seeks dismissal on grounds that would lead to termination of the case. Therefore, a motion to stay discovery until the parties are at issue may be warranted.

2. **A date for Rule 26(a)(1) disclosures;**

The Parties have not agreed on a proposed date for Rule 26(a)(1) disclosures. During conferences held between counsel of record on March 26 and May 6, 2025, undersigned counsel of record discussed the case plan to be included in the Initial Joint Status Report and this instant Supplemental Joint Status Report, respectively.

**Plaintiffs' Position:** Plaintiffs are proposing dates/deadlines for Items V.A. 3 through 6 inclusive, below, which take into account Defendants' pending Motion to Dismiss the Amended Complaint.

Plaintiffs' position is that once the Court has made a ruling upon the Motion to Dismiss, and assuming that some or all of Plaintiffs' counts and requested relief survive, Defendants will need further time to answer the remaining counts. Alternatively, to any extent this Court grants Defendants' Motion to Dismiss without prejudice to Plaintiffs having leave to replead, Plaintiffs will need additional time thereafter to file any necessary Second Amended Complaint, and Defendants will in turn need additional time thereafter to answer or otherwise plead to the Second Amended Complaint.

Plaintiffs' position is that in order to account for the various possibilities referenced in the preceding paragraph, the proposed date by which the parties shall exchange Rule 26(a)(1) disclosures is **November 3, 2025.**

**Defendants' Position:** Counsel for the Defendants' position is that the parties cannot prepare and exchange meaningful Rule 26(a)(1) disclosures until the issues are joined in this action, i.e., until after this Court rules on the pending Motion to Dismiss the Amended Complaint and the parties are at issue. As such, Defendants further posit that early disclosures at this stage would be premature and inefficient.

With respect to Plaintiffs' suggestion that the schedule account for the possibility of further amendment, Defendants maintain that the Amended Complaint fails to cure the deficiencies identified in the original pleading, and that a Second Amended Complaint would not resolve the fundamental legal and factual shortcomings raised in the Motion to Dismiss. Nonetheless, if the Court determines otherwise and permits further amendment, Defendants are willing to work in good faith to meet the November 3, 2025 deadline proposed by Plaintiffs, subject to the timing of

the Court's ruling and scope of any amendments to the claims.

3. **First date by which to issue written discovery;**

The Parties have not agreed on a proposed first date to issue written discovery.

**Plaintiffs' Position:** Plaintiffs' position, consistent with the reasons and possibilities referenced in Section V.A.2. above, is that the parties shall issue written discovery by no later than **December 5, 2025.**

**Defendants' Position:** As stated above in Section V.A.2, Defendants maintain that it is not feasible to propose a reasonable schedule for written discovery until the issues in this case are joined. The pending Motion to Dismiss raises threshold legal deficiencies in the Amended Complaint, and the Court's ruling will determine whether any claims survive and, if so, the proper scope of discovery. Proceeding with written discovery before the pleadings are settled would be inefficient, burdensome, and potentially wasteful. Accordingly, Defendants respectfully request that the initiation of discovery be stayed until such time as the Court rules on the pending Motion and the parties are formally at issue.

4. **A proposed fact discovery completion date;**

The Parties have not agreed on a proposed fact discovery completion date.

**Plaintiffs' Position:** Plaintiffs' position, given the complex issues as to liability, damages and defenses to the multiple causes of action referenced above, is that significant document discovery and numerous fact witness depositions will be required. Therefore, fact discovery should be completed by **October 30, 2026.**

**Defendants' Position:** Defendants respectfully submit that it is premature to propose a discovery schedule—whether for fact or expert discovery—until the pleadings are settled and the scope of claims and defenses is clearly defined. At present, Defendants' Motion to Dismiss the Amended Complaint is pending, and the issues in this case have not yet been joined. The outcome of that Motion, and whether Plaintiffs ever be permitted to amend yet again, will significantly affect the nature and extent of discovery, including which claims, if any, proceed and whether certain factual and expert inquiries are necessary or appropriate. Attempting to craft a discovery schedule now would risk inefficient, duplicative, or unnecessary discovery efforts and impose undue burden on the parties. Once the Court rules on the pending Motion to Dismiss and the operative claims are known, Defendants will be in a position to confer with Plaintiffs and propose a tailored and efficient discovery plan.

5. **A proposed deadline for amended pleadings; and**

The Parties have not agreed on a proposed discovery schedule.

**Plaintiffs' Position:** Plaintiffs' position, consistent with the reasons and possibilities referenced in Section V.A.2. above, is that a deadline for amended pleadings be set for **June 26, 2026.**

**Defendants' Position:** Defendants submit that it is premature to set a deadline for amended pleadings while the Motion to Dismiss remains pending. Until the Court rules and the scope of viable claims is established, any proposal regarding further amendments would be speculative. Defendants are prepared to confer on a deadline once the pleadings are settled and the issues are joined.

6. **Whether the parties anticipate expert discovery and, if so, a proposed schedule for the completion of expert discovery; and**

The Parties anticipate the need for expert discovery. However, for the reasons explained in Section V.A.2. above, the Parties have been unable to propose an agreed-to schedule for the completion of expert discovery.

**Plaintiffs' Position:** Plaintiffs' position, consistent with the reasons and possibilities referenced in Section V.A.2. above, is that the following dates be set with respect to expert discovery:

(a) Initial expert reports to be exchanged between the parties on or before **December 14, 2026;**

(b) Rebuttal expert reports to be exchanged between the parties on or before **January 29, 2027;**

(c) Reply expert reports to be exchanged between the parties on or before **February 26, 2027;**

(d) Expert depositions to be completed on or before **April 30, 2027.**

**Defendants' Position:** As stated above, Defendants submit that it is premature to set a deadline for completing expert discovery while the Motion to Dismiss remains pending. The scope and necessity of expert discovery will depend on which claims, if any, survive. Once the pleadings are settled and the issues are joined, Defendants will be prepared to propose a reasonable expert discovery schedule.

B. **With respect to trial, indicate the following:**

1. **Whether a jury trial is requested; and**

Yes. Both Parties have made jury demands.

2. **The probable length of trial.**

The Parties submit that once they have greater clarity on the issues raised in Sections V.A.2. through V.A.6. above, they will be better able to estimate the probable length of the trial in this matter. At present, Plaintiffs anticipate that a trial would last no less than 10 court days and may extend up to a maximum of 20 court days. Defendants, however, are unable to provide a meaningful estimate at this stage, as the length of trial will depend on the scope of surviving claims, defenses, and the content of Rule 26(a)(1) disclosures. Plaintiffs' estimate remains subject to

revision as the case develops.

**VI. Consent and Settlement Discussions**:

    A.    **The court strongly encourages the parties to consider consenting to the jurisdiction of the assigned Magistrate Judge. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties <u>unanimously</u> consent to do so.**

The Parties do not consent to proceed before a Magistrate Judge.

    B.    **Describe the status of any settlement discussions conducted to date (without including the particulars of any demands or offers that have been made) and advise whether the parties mutually request a settlement conference at this time.**

The Parties have not engaged in settlement discussions and do not mutually request a settlement conference at this time.

**Dated: May 7, 2025**

By: \_\_\_\_\_/s/\_\_Frank J. Marsico_____      /s/ Josh M. Leavitt_____

| **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|
| Kathleen O. Barnes | Josh M. Leavitt (lead trial attorney) |
| John E. Sebastian (lead trial attorney) | Laura Elkayam |
| Frank J. Marsico | Patrick B. Barnett |
| Watt, Tieder, Hoffar & Fitzgerald, L.L.P. | Much Shelist, P.C. |
| 10 S. Wacker Drive, Suite 1100 | 191 N. Wacker Drive, Suite 1800 |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |
| (312) 219-6900 | (312) 521-2000 |
| (213) 559-7411 | jleavitt@muchlaw.com |
| jsebastian@watttieder.com | lelkayam@muchlaw.com |
| kbarnes@watttieder.com | pbarnett@muchlaw.com |
| fmarsico@watttieder.com | |