# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT J. MCGEE, JR. an individual, II IN ONE
CONTRACTORS, INC., an Illinois Corporation, II
IN ONE REBAR, INC., an Illinois Corporation,
W.E. O'NEIL CONSTRUCTION CO., and TRICE
CONSTRUCTION COMPANY,

        Plaintiffs,

        v.

THORNTON TOMASETTI, INC., a New York
Corporation, and SCOTT A. SCHNEIDER, an
individual,

        Defendants.

Case No. 1:25-cv-600

Hon. Judge Jeffrey Cummings

## DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY
## PENDING RESOLUTION OF MOTION TO DISMISS

Defendants, Thornton Tomasetti, Inc. ("Thornton Tomasetti"), a New York Corporation, and Scott A. Schneider, an individual ("Schneider")(together, the "Defendants"), by and through their undersigned counsel, respectfully move this Court to stay all discovery in this matter pending the Court's ruling on Defendants' pending FRCP 12(b)(6) Motion to Dismiss the Amended Complaint (ECF Nos. 29–30). In support of this Motion, Defendants state as follows:

1. On April 1, 2025, Plaintiffs filed an Amended Complaint asserting five counts, including claims for racial discrimination under 42 U.S.C. §1981, defamation, and tortious interference. (ECF No. 27).

2. On April 21, 2025, Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6), arguing that all claims are legally deficient and fail to state a claim upon which relief may be granted. (ECF Nos. 29–30).

3.      As set forth in the Supplemental Joint Status Report (ECF No. 32), Defendants maintain that the Amended Complaint suffers from the same fundamental deficiencies as the original pleading and that this case should not proceed to discovery until the Court resolves the Motion to Dismiss and determines whether any claims will survive.

4.      Courts routinely stay discovery where, as here, a dispositive motion is pending and may eliminate or substantially narrow the issues in the case. *See, e.g., Nauman v. Abbott Laboratories,* 2005 WL 1139480, *6 (N.D.Ill.2005)(ordering discovery plan to follow ruling on motion to dismiss); *Cataldo v. City of Chicago,* 2002 WL 91903, *2 (N.D.Ill.2002) (declining to require discovery while motion to dismiss was pending because "there is a legitimate possibility that the case could be dismissed [and] would not be an efficient use of its resources); *Hill v. Amoco Oil,* 2001 WL 293628, *6 (N.D.Ill.2001)(granting stay of discovery for 18 months while the parties litigated a dispositive motion to dismiss); *Cooper v. Harris,* 1999 WL 261742, *1 (N.D.Ill.1999)(granting stay pending Rule 12(b)(6) motion); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.,* 757 F.Supp. 1499 (N.D.Ill.1990)(granting stay while motion to dismiss was under consideration); *Stokes v. City of Chicago,* 1986 WL 12311, *1 (N.D.Ill.1986)(granting stay – "a stay of discovery pending resolution of a motion to dismiss avoids unnecessary discovery"); *CBOE, Inc. v. Connecticut General Life Insurance Co.,* 95 F.R.D. 524, 525 (N.D.Ill.1982)(granting stay – expressly stating "Plaintiffs' allegations either do or do not state a cause of action, and discovery does not seem to bear on that determination at all").

5.      A stay is particularly appropriate here because Defendants' Motion is not based on a technical pleading deficiency which could be cured by amendment. If this Court agrees with Defendants' arguments, there will be no basis for amendment. Defendants' argument in support of dismissal of Plaintiffs' other claims similarly raises fatal, non-curable issues with those claims.

If Defendants prevail, discovery will be entirely unnecessary—making a stay both efficient and appropriate.

6.     Further, proceeding with discovery at this stage would be inefficient, unduly burdensome, and contrary to Rule 26(b)(1)'s proportionality requirements. While the details of the Plaintiffs' discovery plan as set forth in the Supplemental Joint Status Report (ECF No. 32, Section V.A) are not clear, Plaintiffs purport to anticipate extensive *fact* discovery. Their approach would trigger extensive obligations for Defendants, including voluminous document production, third-party subpoenas, fact witness depositions, and expert discovery. It would waste party and judicial resources to engage in such costly and expansive discovery before this Court determines if (as the Motion to Dismiss argues) those claims are legally unviable given the facts pled by Plaintiffs.

7.     This Court has expressly provided that Defendants may seek such a stay by motion. (See Minute Order dated June 9, 2025, ECF No. 35).

8.     Granting the requested stay will not prejudice Plaintiffs and will promote judicial efficiency by conserving the parties' and Court's resources pending resolution of threshold legal issues first.

9.     Pursuant to this Court's standing order, the undersigned counsel for Defendants contacted counsel for Plaintiffs to determine whether there is any objection to this Motion. Plaintiffs' counsel responded that they will not oppose this request for a brief stay of discovery. Accordingly, this Motion is filed as unopposed.

WHEREFORE, Defendants respectfully request that the Court enter an order staying all discovery in this matter pending resolution of Defendants' Motion to Dismiss the Amended Complaint, and for such further relief as the Court deems just and appropriate.

Dated: June 20, 2025

Respectfully submitted,

**THORNTON TOMASETTI, INC.,
a New York Corporation, and SCOTT A.
SCHNEIDER, an individual**

By: _/s/ Patrick B. Barnett_
One of Their Attorneys

Josh M. Leavitt (#6191417)
Laura A. Elkayam (#6303237)
Patrick B. Barnett (#6326570)
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2000
jleavitt@muchlaw.com
lelkayam@muchlaw.com
pbarnett@muchlaw.com

**Local Counsel for Defendants,
Thornton Tomasetti, Inc., and Scott A. Schneider**

## CERTIFICATE OF SERVICE

Patrick B. Barnett, an attorney, certifies that on June 20, 2025, he caused ***DEFENDANTS'***

***UNOPPOSED MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO***

***DISMISS*** to be electronically filed with the Clerk of the U.S. District Court, Northern District of

Illinois, Eastern Division by using the CM/ECF system, which will send notification of such filing

to all parties of record.

Kathleen O. Barnes
John E. Sebastian
Frank J. Marsico
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
10 S. Wacker Drive, Suite 1100
Chicago, IL 60606-7411
kbarnes@watttieder.com
jsebastian@watttieder.com
fmarsico@watttieder.com
*Attorneys for Plaintiffs*

/s/ Patrick B. Barnett